IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01165-BNB

HERBERT WILLIAM HUDSON, individually, and
DANIELLE NICOLE GARCIA-HUDSON,

    Plaintiffs,

v.

PAUL MATTHEW DUHAMEL, sued in his individual capacity,

    Defendant.

---

ORDER OF DISMISSAL

---

    Plaintiff, Herbert William Hudson, is a prisoner in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility in Cañon City, Colorado. Plaintiff, Danielle Nicole Garcia-Hudson, resides in Pueblo, Colorado. Plaintiffs initiated this action by filing a Complaint titled "Tort Claim for Money Damages Jury Trial Demanded" (ECF No. 1) asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332. They ask for attorney fees pursuant to 42 U.S.C. § 1988. *Pro se* litigants such as Plaintiffs may not recover an award of attorney's fees pursuant to § 1988. *Turman v. Tuttle*, 711 F.2d 148, 149 (10th Cir. 1983). Plaintiffs also jointly filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2) on the Court-approved form that may be used only by Mr. Hudson. However, they were not directed to cure that deficiency.

Instead, on April 30, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 6) directing Plaintiffs to show cause within thirty days why the instant action should not be dismissed for lack of subject matter jurisdiction. In response, Plaintiff Herbert William Hudson filed on May 1, 2014, an amended Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 9) and a motion (ECF No. 10) to amend page two of the Complaint titled "Tort Claim for Money Damages Jury Trial Demanded" to include references to two Colorado state statutes. The motion to amend will be granted. On May 15, 2014, Mr. Hudson filed a response (ECF No. 11) to the order to show cause and a motion (ECF No. 12) asking the Court to remand this case to the El Paso County District Court if the Court determines it lacks subject matter jurisdiction. No authority for the requested relief is provided.

The Court must construe Plaintiffs' filings liberally because they are proceeding *pro se*. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a *pro se* party must follow the same procedural rules that govern other litigants. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). For the reasons stated below, the Court will dismiss the instant action for lack of subject matter jurisdiction.

In their Complaint, Plaintiffs assert that Defendant, Paul Duhamel, who allegedly was having a sexual relationship with Ms. Garcia-Hudson, unlawfully injected her during her pregnancy with illegal drugs, including methamphetamine, heroin, and prescription pain pills, causing the death of her unborn child. Plaintiffs do not allege conduct by a state actor occurring under color of law nor do they assert any claims arising under the Constitution, federal laws, or treaties of the United States. Instead, they complain of private conduct by a private person that implicates state tort law.

2

Plaintiffs, therefore, cannot invoke this Court's jurisdiction on the basis of a federal question pursuant to 28 U.S.C. § 1331. They instead must satisfy the diversity jurisdiction statute, 28 U.S.C. § 1332, to maintain their action in federal court. In the Complaint, Plaintiffs alleged that they and the Defendant reside in Colorado. In the response to the show-cause order, Mr. Hudson alleges that Defendant stated "he was moving back to California" (ECF No. 11), but Plaintiffs do not affirmatively state that Defendant resides in California, and they have failed to provide a current address for Mr. Duhamel.

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). There are two statutory bases for federal subject matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331.

The federal courts have an independent obligation to determine whether subject matter jurisdiction exists. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Because federal courts are courts of limited jurisdiction, there is a presumption against its existence. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A federal district court may therefore raise the objection that it lacks jurisdiction on its own initiative, at any stage of the litigation. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *see also McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988) (The issue of subject matter

jurisdiction may be raised sua sponte by the court at any time during the course of the proceedings.).

A plaintiff properly invokes 28 U.S.C. § 1332 jurisdiction when he or she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* 28 U.S.C. § 1332(a); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). To demonstrate federal jurisdiction pursuant to § 1332, allegations of diversity must be pleaded affirmatively. *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(1) (pleading must contain "a short and plain statement of the grounds for the court's jurisdiction"). Plaintiffs fail to allege adequately a basis for exercising diversity jurisdiction over their state law claims. They allege that they reside in Colorado and the Defendant may reside in California. These allegations do not present facts sufficient to invoke this Court's diversity jurisdiction. *See Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001).

For all of these reasons, the instant action must be dismissed. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiffs file a notice of appeal they also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

5

ORDERED that the motion (ECF No. 10) to amend page two of the Complaint titled "Tort Claim for Money Damages Jury Trial Demanded" to include references to two Colorado state statutes is granted.  It is

FURTHER ORDERED that the Complaint and the action are dismissed without prejudice for lack of subject matter jurisdiction.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  29th  day of      May          , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court